UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

        Plaintiff,

v.                                                CASE NO.

CLAY HOTEL PARTNERSHIP, LTD.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the Defendant, CLAY HOTEL PARTNERSHIP, LTD., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

### JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

### VENUE

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because, inter alia, the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

### PARTIES

3. Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of

his right leg in 2012. Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Plaintiff's access to the premises described below (the "Property") through Defendant's reservation system contained on its website, and therefore his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, were restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendant is compelled to cure the ADA violations relating to the reservation system contained on its website. Plaintiff intends to visit Defendant's reservation system on its website for the Property soon to avail himself of the goods and services offered therein.

4. Defendant is the owner and operator of the Property, a hotel located at 1438 Washington Avenue in Miami Beach, Florida and the corresponding reservation system found on its website at www.clayhotel.com.

### CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III

of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7. On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e)(1) states:

> "(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
>
> **(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> **(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> **(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> **(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> **(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."[1]

8. The Property is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Defendant maintains a website for the Property which contains an online reservation system whereby potential patrons may reserve a hotel room. The reservation system is subject to the requirements of ADA, 28 C.F.R.§ 36.302(e).

9. Most recently, during April, 2017 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible room at the Property through Defendant's online

---

[1] The Department of Justice Regulations state that "in addition to the room information described above, these hotels should provide information about important features that do **not** comply" with the applicable Standards..." It is well-settled that online hotel reservation systems are subject to the ADA regulations.

3

reservation system but was unable to do so due to Defendant's failure to comply with the requirements set forth in paragraph 7, which precludes and/or limits Plaintiff's access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

10. Plaintiff is also an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including places of lodging and their reservation systems, are in compliance with the ADA.

11. Plaintiff intends to visit Defendant's online reservation system on the Property's website soon in order to test it for compliance with the mobility-related provisions of the ADA and/or to utilize the online reservation system to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property.

12. Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Property due to the ADA violations contained in its online reservation system for the Property and Defendant will continue to discriminate against Plaintiff unless and until Defendant modifies its online reservation system and implements policies to do so, consistent with the ADA, to accommodate the disabled, thus making the Property accessible to Plaintiff.

13. The ADA violations for Defendant's online reservation system for the Property consist of the following:

    a) A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms

        during the same hours and in the same manner as individuals who do not need accessible rooms;

b)     A failure to identify and describe accessible and inaccessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

c)     A failure to ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

d)     A failure to reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

e)     A failure to guarantee that the specific accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

14.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to correct the ADA violations to its online reservation system and maintain the online reservation system and accompanying policies in a manner that is consistent with and compliant with the requirements of the ADA.

15.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendant to alter and

maintain its online reservation system in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the online reservation system for the Property in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No: 782246
DML2@bellsouth.net
LEE D. SARKIN
Florida Bar No. 962848
lsarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837
Attorneys for Plaintiff

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation system. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation system must continuously be updated to properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).